**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CAMPAIGN LEGAL CENTER, *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> JOHN SCOTT, in his official capacity as § <br> Texas Secretary of State, § <br> § <br> *Defendant*. § | Case No. 1:22-cv-92-LY |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR**
**PRELIMINARY INJUNCTION AND TO CONSOLIDATE**
**HEARING WITH TRIAL ON THE MERITS**

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAMPAIGN LEGAL CENTER, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:22-cv-92-LY |
| JOHN SCOTT, in his official capacity as Texas Secretary of State, | § § § § | |
| Defendant. | § § | |

### DECLARATION OF BRIAN KEITH INGRAM IN SUPPORT OF DEFENDANT'S RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

I, Brian Keith Ingram, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following testimony is true and correct to the best of my knowledge and belief:

1. My name is Brian Keith Ingram. I am over 18 years old and competent to make this declaration. I currently serve as the Director of the Elections Division at the Texas Secretary of State's Office (SOS) and have done so since January 5, 2012.

2. In September 2021, the SOS began implementing a revised process for identifying and removing non-United States citizens from the State's voter registration rolls. The SOS is conducting this process in accordance with federal and state law and the procedures set forth in the parties' settlement agreement in *LULAC, et al. v. Whitley, et al.*, No. 5:19-cv-00074-FB (W.D. Texas), and consolidated cases.

3. Under the revised process, the Texas Department of Public Safety (DPS) provides the SOS with data regarding individuals who presented evidence of non-United States citizenship at their last DPS visit in which they were issued a new or renewed driver license or personal identification card. The SOS matches these DPS records with the statewide voter registration database (often referred to as the "TEAM system"), using criteria outlined in the *LULAC* settlement agreement. The SOS then sends to county election officials the records of individuals who—according to information in DPS's database and the TEAM system—registered to vote before they presented documents to DPS indicating their non-citizenship.

4. In September 2021, the SOS provided county election officials an initial dataset of possible non-United States citizens, consisting of all voter records as of July 25, 2021 that satisfied the agreed-upon matching criteria and other specifications identified in the *LULAC* settlement.

1

5. The *LULAC* settlement also specifies that each week, DPS will provide to the SOS a list of individuals who presented evidence of non-United States citizenship at their last DPS visit in which they were issued a new or renewed license or identification card in the previous week. Utilizing the same matching criteria as the initial dataset, the SOS sends to county officials the records of individuals identified on a weekly file who registered to vote before they submitted proof of non-citizenship at the DPS office.

6. Pursuant to the Texas Election Code, and consistent with the *LULAC* settlement, it is the responsibility of each county election official to review records sent to them through the revised process and determine whether an individual identified as a potential non-United States citizen is currently eligible for registration in their county. *See, e.g.*, Tex. Elec. Code §§ 16.033, 16.0332.

7. On September 9, 2021, our office issued Election Advisory No. 2021-11, List Maintenance Activity Involving Potential Non-United States Citizens. This advisory contained detailed guidance to county election officials regarding the revised process, including the actions that officials should take as to any records in the initial dataset or a weekly file. We emphasized, among other things, that a voter registrar could not immediately cancel a voter's registration simply because the person was identified as a possible non-citizen in one of these files.

8. In November 2021, I sent an email to county voter registrars and elections administrators, reminding them of their obligation under state law to review records of potential non-United States citizens provided through the revised process.

9. In December 2021, I reminded county voter registrars and elections administrators that the National Voter Registration Act (NVRA) requires states to complete their generalized voter removal programs, with certain exceptions, no later than 90 days before a federal election. For the March 1, 2022 primary election, the 90-day period began on December 1, 2021. As a result of the NVRA's 90-day provision, the SOS stopped sending weekly files of potential non-United States citizens to county election officials in December 2021.

10. I understand that this case involves requests for the names and other information relating to the voter records that the SOS has provided to county election officials through the revised process.

11. Section 31.006 of the Texas Election Code provides that if the SOS, "after receiving or discovering information indicating that criminal conduct in connection with an election has occurred, . . . determines that there is reasonable cause to suspect that criminal conduct occurred, the [SOS] shall promptly refer the information to the attorney general." Tex. Elec. Code § 31.006(a). Section 31.006(b) states that any documents and information submitted to the SOS under Subsection (a) "are not considered public information until: (1) the [SOS] makes a determination that the information received does not warrant an investigation; or (2)

if referred to the attorney general, the attorney general has completed the investigation or has made a determination that the information referred does not warrant an investigation."

12. The SOS has not yet determined whether any of the information received through the revised process warrants an investigation by the Attorney General. County officials are required to update information in the TEAM system after they determine whether an individual's voter registration should be cancelled. For many registrants that SOS identified, county officials have not yet updated the information in the TEAM system or otherwise notified SOS about additional information they gathered. Therefore, as of now, the SOS has not yet referred any voter records from the initial dataset or weekly files to the Attorney General under Section 31.006(a) of the Texas Election Code. Accordingly, SOS has treated the information as confidential. SOS has shared the information only with government officials and only for investigative purposes.

13. I have reviewed the requested information. Making that information public would reveal the identities of individuals identified as potentially having registered to vote despite being non-citizens. Non-citizens who register to vote may have committed criminal offenses related to making a false statement on a voter-registration application, *see* Tex. Elec. Code § 13.007(a), and voting despite being ineligible, *id.* § 64.012.

14. The confidentiality protections in Section 31.006 of the Texas Election Code help preserve the integrity of the SOS's ongoing review of allegations of criminal conduct in connection with an election. Requiring the SOS to publicly release information about such allegations while our review remains pending could inhibit the SOS's ability to conduct a frank, comprehensive evaluation of the matter and, in certain instances, could discourage individuals from submitting election complaints to the SOS.

15. In addition, I have concerns that publicly releasing the requested information could subject at least some of the identified individuals to possible harassment or unwanted attention by other individuals and groups. If one individual or group can get access to the requested information, other individuals and groups would likely seek the same information. As SOS has emphasized repeatedly, the data that the SOS provides to county election officials through the revised process reflects *potential* non-United States citizens. A person's mere presence on the initial dataset or a weekly file does not by itself prove that the person is a non-citizen or that the person engaged in criminal conduct. But if the information becomes public, SOS cannot control how third parties will use it.

16. In light of the request for information and the nature of that information, redactions would not suffice to protect confidential information. As I understand it, the request is for lists of registrants identified as potential non-citizens. Because the identity of those individuals is confidential, SOS could not comply with its confidentiality obligations unless it redacted every name and every other piece of identifying information on the lists before making them public.

As I understand it, that would not provide the information requested. As a result, SOS has declined to produce the lists rather than produce redacted lists.

Executed on April 4, 2022.

_____
Brian Keith Ingram